Jones, J.
The affidavits of the jurors in their attack upon the verdict were not incorporated in the bill of exceptions. From the viewpoint of procedure, therefore, the main question presented to this court passes out of this case, since it has been held that such affidavits must be incorporated in the bill of exceptions and verified by the trial judge. Sleet v. Williams, 21 Ohio St., 82, and Schultz v. State, 32 Ohio St., 276.
*126 It may be noted in this connection that the entry of the court does not even state that the motion was heard upon the affidavits filed in its support, but waiving the procedural question, it is clear that the purport of these several affidavits is an attempt to impeach the verdict signed by the individual jurors. That this cannot be done has been repeatedly held by this court as shown by the following eases: Hulet v. Barnett, 10 Ohio, 459; Holman v. Riddle, 8 Ohio St., 384; Kent v. State, 42 Ohio St., 426, and Corrigan v. Rockefeller, 67 Ohio St., 354, 371.
If the individual jurors had not in fact signed the verdict, or the verdict was altered or substantially changed after its submission to the court by the jury, no doubt an exception could be made to the rule stated, because, in that event, such would not be the verdict of the jury; but a juror cannot impeach his signed verdict by an affidavit that it was rendered through a misunderstanding of the charge, or that the amount was arrived at through a wrong computation.
No doubt the court may, before the discharge of the jury, amend the verdict with its consent, but it would be a dangerous precedent to establish in this state were we to announce the principle that jurors, after their separation, should be allowed to change their verdict to conform to their real intention, or to impeach their verdict by any attempt to prove that it was rendered under a misunderstanding of the court’s charge. It would be a dangerous innovation which might be employed in similar cases where general verdicts were rendered. Eighty years ago this court denied the right of a jury to *127 alter its verdict after separation. In Sargent v. State, 11 Ohio, 472, the proposition of the syllabus is as follows: “After the jury have returned their verdict, have been discharged, and have separated, they cannot be recalled to alter or amend it.” On page 473, in the opinion, the judge quotes the following: “After the trial is over and the verdict is once recorded, there seems to be no remedy, even though the jury have made a mistake in their finding, and make an affidavit to that effect. For all mistakes ought to be corrected at the time of trial, and before the verdict is recorded. Courts will not listen to the representations of jurors, contrary to their verdict. ’ ’
The foregoing is a criminal case, but more in point is that of Holman v. Riddle, 8 Ohio St., 384, where the syllabus reads: “Affidavits of jurors, stating, that they misunderstood the charge of the court, will not be received on motion to set aside the verdict.” In that case the motion for a new trial alleged that “The jury misunderstood the charge of the court in matters material to the issue, and acted upon such misunderstanding in finding their verdict.” Judge Swan, in that case said: “If a juror’s affidavit, stating his idea of the law as the judge had expounded it, or the facts as he understood the witnesses, were to be held sufficient to set aside a verdict, provided it should turn out that he was mistaken in any particular, scarcely any verdict could stand. * * * The practice would hold out strong inducements for suitors to tamper with jurors.' Such affidavits have, therefore, upon grounds of public policy, been in general rejected by courts.”
*128 These affidavits state that the alleged erroneous verdict was rendered because of a misunderstanding of the charge of the court. It may be asserted that the motion for a new trial was an attempt merely to correct the verdict according to the jurors ’ intention. If this be true, or if the verdict was defective in form, in that one sum should have been found for the plaintiff below on his petition, and another in favor of the defendant on his counterclaim, this defect should have been corrected in open court in the presence of the court and jury. Section 11457, General Code, explicitly provides that when a verdict is defective in form, the court may correct it with the assent of the jurors who signed the verdict.
If the erroneous verdict was brought about by the charge of the court, error should be predicated, not upon affidavits that the jury misunderstood the charge, but upon the ground that the charge was. so misleading and prejudicial as to induce the erroneous verdict.
An inspection of the charge of the court shows that it was not misleading. The defendants admitted the execution of the note, and the only fraud claimed by the defendants was that the plaintiff failed to carry out his contract after the execution of the note. The court in its charge reverted three times to the form of the verdict, and his charge in effect was that the defendants, under the evidence, might recoup from the amount claimed in the petition, or the jury find for the defendants in an amount equal thereto. Then the court charged that if the total amount found for the defendants on the cross-petition “should exceed the amount that the plaintiffs claim on their note, then the verdict should be *129 for whatever that addition would be.” Although not attached to the bill of exceptions it appears that there were two forms of verdict used, one finding a balance in favor of the plaintiff, and the other, which is on file, finding a balance in favor of defendants. It is evident from the verdict and charge of the court that the jury weighed the claims of the parties, and, under the charge, found a balance for the defendants; and though an exception was taken to the general charge none was taken to the form of the verdict submitted by the jury to the court.

Judgment affirmed.

Johnson, Wanamaker, Robinson and Matthias, JJ., concur.